# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dan W. Jackson
District Attorney
Harris County
Houston, Texas

Attention: Mr. W. K. Richardson

Dear Sir:

Opinion No. 0-5313
Re: Can a lender under the pro-
visions of Senate Bill 43,
Regular Session, Texas 48th
Legislature, charge a borrow-
er for actual out-of-pocket
expense, necessary in making
loans, such charge to be over
and above the $1.00 for each
$50.00 or fraction thereof ad-
vanced to the borrower? And
other related questions.

This will acknowledge receipt of your letters of
May 17, 1943, and June 30, 1943, requesting the opinion of
this department on certain questions submitted therein con-
cerning Section 2a of Senate Bill 43, Texas 48th Legislature.
Section 2a of Senate Bill 43 reads as follows:

"Nothing in this Act shall in any way mod-
ify, alter or change any valid provision of Arti-
cle 8 of Chapter 5 of House Bill No. 79, Acts of
the Regular Session, 48th Legislature, nor shall
anything in this Act prevent charging of any
actual and necessary expense, now or hereafter
permitted and authorized by law, and such shall
not be considered interest.

"In the trial of any application for injunc-
tion under this Act there shall exist a prima
facie presumption that the actual and necessary
expenses of making any such loan was One ($1.00)

Honorable Dan W. Jackson, page 2

Dollar for each Fifty ($50.00) Dollars, or fractional part thereof loaned; but this prima facie presumption shall extend only to the first note or debt owing at the same time by an individual to any person, firm, corporation, partnership or association, and shall not apply to any renewal or extension thereof unless the original note or debt and all extensions thereof were for a period of not less than sixty (60) days."

We quote from your letters two of your submitted questions:

"Question - What is or was the intention of the Legislature in permitting the collection of charges of $1.00 for each $50.00 loaned or fraction thereof?"

"Question: Can a lender under the provisions of this Act charge a borrower for actual out-of-pocket expense necessary in making the loan, such charge to be over and above the $1.00 for each $50.00 or fraction thereof advanced to the borrower?"

The latter query is a portion of an alternative question you submitted. Since the following discussion constitutes our answer to the above questions, it becomes unnecessary to answer your alternative query based on the examples submitted thereunder.

The Act specifically provides that charges may be made for actual and necessary expenses, now or hereafter permitted and authorized by law and shall not be considered as interest. There is no language in the bill that places a limitation on the amount that may be charged for the actual and necessary expenses, unless as you suggest, that part of Section 2a providing there shall exist a prima facie presumption that the actual and necessary expenses in making any such loan was $1.00 for each $50.00, or fractional part thereof loaned, is a limitation as to the amount that may be collected for these actual and necessary expenses. However, this prima facie presumption is said to exist in the trial of any application for injunction under the Act. We interpret

Honorable Dan W. Jackson, page 3

this portion of Section 2a to mean that in a trial of an application for an injunction under the provisions of this bill, there will exist a prima facie presumption that charges based on the above ratio were actual and necessary, and the lender is relieved of producing such proof unless this presumption is rebutted by contradictory evidence. We believe that this is the construction that was intended to be placed on this portion of the Act and that its purpose was not to place a ceiling on the amount that a lender could collect for actual and necessary expenses. As long as the expenses were actual and necessary, the sum may be greater than the ratio of $1.00 for every $50.00 or fractional part thereof loaned, but when the expenses are for a sum greater than that of the said ratio, the prima facie presumption as to the actuality and necessity of the expenses is not available to the lender in the trial for an injunction, yet these expenses can be collected if they be proved as being actual and necessary.

The above discussion is based upon the assumption that the conditions set forth in the Act creating the presumption actually exist.

We further construe this Act to the effect that no charge whatsoever can be assessed against the borrower for expenses, unless the expenses were actually and in fact incurred and were necessary in making the loan. If no expenses were incurred in making a loan, no charge at all can be assessed against the borrower for expenses, regardless of the amount loaned.

We further quote from your letters as follows:

"Question: Is this bill retroactive as to any loans made prior to its effective date?"

"Question - Is the collection of usury on contracts in existence prior to the enactment of the bill and prior to the said bill becoming effective, viz: the collection of usury on pre-existing contracts, a violation of the Act?"

"Question - If a loan company quits business prior to the effective date of the bill, and in

Honorable Dan W. Jackson, page 4

liquidating its business collects usury on outstanding accounts on pre-existing contracts, would injunction lie against such company, or its liquidating agent, for the collection of usury on such accounts in winding up its business?"

In the case of Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249, Judge Stayton said:

"In the absence of constitutional restrictions upon the subject, it is almost universally accepted as a sound rule of construction that a statute shall have only a prospective operation, unless its terms show clearly a legislative intention that it shall have a retroactive effect. . . ."

To the same effect are State v. Railway Co., 100 Tex. 175, 97 S. W. 71; Freeman v. W. B. Walker and Sons, 212 S. W. 637 (Com. App.).

There is nothing in this Act which would clearly indicate or show an intention of the Legislature that it should act retroactively. Therefore, it is the opinion of this department that said Senate Bill 43 is not retroactive. What we mean by this is explained in the following discussion.

Section 1 of the Act under discussion provides that a suit may be instituted by certain parties named therein "to enjoin any person, firm, or corporation or any officer, agent, servant or employee of such person, firm, or corporation who is engaged in the business of habitually loaning money for the use and detention of which usurious interest has been charged against or contracted to be paid by the borrower, from demanding, receiving or by the use of any means attempting to collect from the borrower usurious interest on account of any loans, or from thereafter charging any borrower usurious interest or contracting for any usurious interest. . . ." (underscoring ours)

Section 2 of the Act provides as follows:

Honorable Dan W. Jackson, page 5

"By the term 'habitually' as used in this Act, is meant the making of as many as three (3) loans on which or in connection with which usurious interest is charged or contracted for within a period of six (6) months next preceding the filing of any such suit.

"By the term 'usurious interest' as used in this Act, is meant interest at a rate in excess of ten (10%) per centum per annum."

By saying the Act is not retroactive, we mean the making of the loans referred to in Section 2, quoted above, must have occurred subsequently to the effective date of the Act. However, a person, firm, or corporation so engaged in the business of "habitually" loaning money, as defined by Section 2, may be enjoined, after the effective date of the Act, from collecting usurious interest on account of any loan whether executed prior or subsequent to such effective date. In other words, to secure an injunction under the terms of this Act, the person, firm, or corporation must be guilty of loaning money "habitually," as so defined by the Act, and the loans referred to therein must have been made after the effective date of the Act. After such fact has been established, the guilty party may be enjoined from collecting usurious interest on any loans, whether same was executed before or subsequent to the date the Act went into effect.

It follows from what we have said that a loan company which quits business prior to the effective date of the Act may not be enjoined from demanding, receiving or attempting to collect from borrowers usurious interest on loans made prior to such date, for it is no longer engaged in the business of habitually loaning money at a usurious rate of interest, a business which may be enjoined only when conducted after the Act becomes effective.

We trust the foregoing fully answers your questions.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
Fred C. Chandler
Assistant

By _____
Robert O. Koch

JUN 16, 1945

Gerald C. Mann

ROK:db